The first case this morning is 5-23-0061, People v. Rice. Arguing for the appellant is Veronica Shaheen. Arguing for the athlete is Ivan Taylor Jr. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Morning, counsel. Morning, your honor. Looks like we've lost the appellant. Are you ready? Ready. All right, as you've seen, attorneys, Justice Barberis is not present. He will remain on the panel. He'll listen to the oral arguments and will be participating in the ultimate disposition. With that, if you're squared away, there, appellant, you may proceed. Thank you, your honors, and may it please the court. At Reggie Rice's jury trial for attempt murder, the complaining witness, Katari Smith, testified that he did not see the person who shot him. In fact, no witness testified that they saw anybody fire a gun. Because the state had no eyewitness testimony, it relied on forensic and circumstantial evidence, as well as Smith's testimony that on the day of the shooting, he heard a car window break, ran outside, saw a fire, and then was shot. But at Mr. Rice's third stage evidentiary hearing on his post-conviction petition, in which he asserted actual innocence, three new eyewitness accounts of what happened on the day of the shooting, including Smith's recantation of his trial testimony, placed the state's evidence in a different light, because it was newly available, and as the state concedes, material and non-cumulative, and of such a conclusive character that it undermines confidence in Mr. Rice's verdict. Isn't recantation testimony deemed to be inherently unreliable? Your Honor, in this case, Mr. Smith recanted, and he explained in his affidavit that his initial testimony was the product of a promise from law enforcement that he would get a more lenient deal if he left out certain details. So in this case, I think it has a lot more reliability because of that. The new evidence is from Smith and two other eyewitnesses, Prontarial Bond and Jagel and Gregory. Despite these accounts, the circuit court dismissed Mr. Rice's petition because it found that Bond and Gregory were not credible due to the delay in coming forward after trial and because they lived in the same prison. But the court erred in basing its decision solely on those two considerations while ignoring the corroborative evidence and its impact on the trial evidence. Because the court manifestly erred, we asked this court to remand Mr. Rice's case for a new trial. Turning to Mr. Rice's actual innocence claim, I will address the most important actual innocence factor first, the conclusive character of the evidence. The new evidence places the trial evidence in a different light by supporting a self-defense claim and corroborating the trial evidence. Smith and Bond's accounts follow the same series of events. On the day of the shooting, several men, including a man named Leron, Lil Ron in Bond's account, were with Smith and Bond at the Moundford Terrace Apartments when Leron decided to set up a phony cannabis deal that was actually a robbery. Raphael Kennedy and Mr. Rice arrived in response to the phony cannabis deal and Bond noticed that Mr. Rice was in the passenger seat on his phone. Suddenly, Leron started shooting at Kennedy and Mr. Rice and the next thing Smith knew, he was shot in his leg. Smith and Bond both explicitly stated that Leron fired first. Although Gregory, who provided the third account, did not see who initiated gunfire, his account still corroborates both Bond and Smith's testimony as well as the trial evidence. Gregory testified that on the day of the shooting, he was on his way to the gas station when he bumped into Mr. Rice and Kennedy in the Moundford Terrace parking lots. Mr. Rice was in the passenger seat and according to Gregory's affidavit, Mr. Rice was on his phone. Suddenly, Gregory continued on to the gas station and he heard gunshots and he took cover. When he looked to see where the gunshots were coming from, he noticed a person shooting at Kennedy and Mr. Rice's direction. He testified that Mr. Rice was sitting in the passenger seat for the duration of this incident. With the benefit of these three new eyewitness accounts, the trial evidence is placed in a new light. First, unlike the new evidence, the forensic evidence the state presented at trial had no bearing on who the initial shooter was. There were 45-caliber shell casings and 380-caliber shell casings found at the scene and the 380-caliber shell casings were found in the fenced-in area of the apartment. This corroborates Smith, Bond, and Gregory's accounts that someone from Smith's group fired at Mr. Rice and Kennedy. Additionally, Mr. Rice's testimony at the third stage hearing places his DNA evidence that was found on the handle of the 45-caliber gun in a new light. Mr. Rice testified that he threw the gun out of the car window and suggesting that that is how his DNA evidence got on the gun. The new evidence also corroborates Mr. Rice's initial statement to police, which he always maintained that he was sitting in the passenger seat on his phone for the duration of this incident. I'm going to scrap you for just a minute, counsel. You keep referring to new evidence. Couldn't these witnesses have been, weren't they, weren't they acknowledged prior to the trial? Couldn't their testimony, I mean obviously Smith recanted, but the others, couldn't they have come out prior to trial? How is this new evidence? Your Honor, the evidence is new because both Bond and Gregory had different issues going on with availability. Bond testified that, he did testify that he contacted Mr. Rice's trial attorney, but Mr. Rice's trial attorney stated that he never received that call, so Mr. Rice could not have had criminal status concerns. He stated that he was in and out of jail at the time, so it's likely that he would have, he would have invoked his Fifth Amendment rights. So they, so Bond is unavailable for that reason. Gregory is also unavailable. Mr. Rice did not know who Gregory was. Gregory vaguely knew Mr. Rice from Facebook. Mr. Rice, Gregory stated that he was on probation and he didn't want to come forward because he was worried about a criminal incident involving his probation terms. So both of those accounts are, are newly available. But the new, I guess my point is, does the test relate to their status or the status of their situation at trial? I mean if you knew that they existed and you knew that they were out there and you didn't use them on some level, isn't, I mean, doesn't that defeat the purpose of new evidence? I mean, we did know that they were out there. The attorney never heard from them. I mean, what is the standard for new evidence, I guess is the question I have. New evidence has to be any evidence that is newly available, not just newly discovered. So simply because someone is present at a scene or possibly even known to a person at the time of trial, does not automatically make them available for, in terms of actual innocence claims. All right. Thank you. You're welcome. The new evidence also corroborates Mr. Rice's initial statement to police. In his initial statement to police, Rice always maintained that he was sitting in the passenger seat on his phone. Both Gregory and Bowen testified that they observed Mr. Rice in the passenger seat on his phone. All of this corroboration establishes the credibility of Smith, Bond, and Gregory's accounts. And the circuit courts found that Bond and Gregory's accounts lacked credibility because Bond and Gregory were in the same prison as Mr. Rice and because they came forward after trial dismisses the corroborative evidence and represents manifest error. Mr. Rice cannot control who witnessed this incident and just because the witnesses to this incident are incarcerated does not mean that Mr. Rice should have to forego their testimonial support. And the fact that the new evidence was provided after trial is not meaningful. All actual innocence claims are based on evidence presented after trial. Not only are Smith, Bond, and Gregory's accounts credible, they turn on the main issue at trial. Who initiated gunfire? Because Mr. Rice was found guilty based on a theory of accountability, if Kennedy fired in self-defense, then Mr. Rice cannot be accountable for attempt murder. Contrary to the state's argument and even though Mr. Rice did not admit to the use of force, Mr. Rice is not foreclosed from a self-defense claim because he's arguing self-defense under an accountability theory and he never denied that Kennedy fired back, just that he didn't know if he did. A new trial is necessary so that a trier of fact can determine the validity of the self, excuse me, the validity of the self-defense claim in light of the new evidence. Your Honor, the state conceded this point, but just to state the evidence is clearly material and non-cumulative. The account that Laron fired first on provoke was never introduced at trial and supports a conclusion that Kennedy fired in self-defense, which contradicts the state's evidence that Kennedy fired first. Given that Mr. Rice established his actual innocence claim by a preponderance of the evidence at his third stage evidentiary hearing, it was manifestly erroneous for the court to deny his petition. We respectfully ask this court to remand Mr. Rice's case for a new trial where the trier of fact can consider the new evidence. Thank you. Justice McKinney, I don't think we can hear you. No sound. Hold on, I'm working on it. We got you now. We got it, okay. All right, thank you, appellant. You'll be given time for rebuttal. Appellee, you may proceed. Thank you, Your Honors. Good morning. Good morning, counsel. This court should affirm the trial court's denial of the defendant's post-conviction petition as the defendant failed to uphold his burden by proving by the evidence that he established actual innocence. And we'll start with the fact that this evidence is not newly discovered. To make it evidently discovered, the defendant has to, there's to be new evidence that defendant could not have found prior to trial and that to have failed even with due diligence. In this case, one of the affidavits is the victim himself, Katari Smith. There's no way this cannot be considered newly discovered as Smith himself testified at the trial. He was present, he was known to the defendant and his counsel at the time. And additionally, with Frentario Vaughn and Jacqueline Gregory, these are individuals which with any amount of due diligence, defendant or his counsel could have found and could have acquired in order to get their testimony at the time. But most importantly, conclusive character of this evidence is one of the most important factors as to whether or not the defendant could establish that he has a right to a new trial. And he can't establish that in this case. While the trial court did put some emphasis on the lack of credibility, but the lack of credibility is one factor for the court to consider whether or not this new, this evidence is such a conclusive nature as to actually change the result of defendant's trial. Defendant keeps arguing that he was convicted on a theory of accountability, but that's not accurate. He was, the people charged defendant as both an accomplice and as a principal for first-degree murder. And when the jury convicted, they just convicted him on first-degree murder. They did not specify whether as a principal or as an accomplice. In defendant's direct appeal from the fourth district affirmed his guilt for first-degree murder, but how they describe it, they'd actually described him as the principal. They indicated that his DNA was on the gun. It was shown, it was a testimony that the gun was thrown out of the moving vehicle, the pasture side. The pasture side is where defendant was sitting. As well as they looked at his testimony, that the interview they gave to police officers, the fourth district indicated that that was so unbelievable that there is no doubt that the people proved defendant's guilt of attempt for first-degree murder beyond a reasonable doubt. So this leads me to the point about him trying to argue self-defense now. The fact that he's not taking any steps to argue that he shot or that he saw his co-defendant shoot kind of undercuts his claim to self-defense. Self-defense requires to take responsibility for the action, but to also argue that there's a legal justification for it. The fact that he's not doing so means he's pretty much precluded himself being available of this particular defense. Going back to the affidavits of Gregory, Gregory doesn't really assist defendant whatsoever. Gregory was not present during when the shooting occurred. He saw a defendant prior to the shooting. So his testimony has no assistance to defendant in order to establish his claim of self-defense. Going towards Bond and Smith, this court has dealt with these affidavits before with the co-defendant, Kennedy. And this court and Kennedy's appeal, his post-conviction appeal, indicated that Bond and Smith's affidavits were not, they found that they were not newly discovered. And even if you were to take the statements as true, that they would not have changed the outcome of the trial for Kennedy. And the court should find the same in this case as well. The fact of the matter is the trial court did not just say not credible and it moved on. It compared the testimony of the paired testimony that was given at the evidentiary hearing and the affidavits with the trial testimony and found that at the evidentiary hearing, none of those new statements would have made any effect on the trial itself. That's why he decided to deny defense post-conviction petition. It was the, well, part of it was the lack of credibility. As lack of credibility. As the trial court found, the testimony at the evidentiary hearing does not make sense with the trial testimony. Especially with Kataru Smith, the victim in this case, his trial testimony is fairly clear as outlined in the people's brief. There was a fire, a vehicle set on fire. He went out to investigate and that's when he was shot. And suffered injury to his leg. But in his own affidavit, he just, Kataru Smith just completely forgets to write about the fire itself. Something that's pretty prevalent and also a very key issue as to why he was in position to be shot at by defendant and by his co-defendant. And also I do believe that in Baum's affidavit, he also forgot to mention the fire, even though he supposedly was on the scene. He tries to, I believe at the testimony at the hearing, he tries to say, oh, here's why I didn't mention before. But as the trial court found that this does not make any sense. And it's at the stage that the trial court needs to look at all the evidence, not just what benefits the defendant, but everything. And if the evidence at the evidentiary hearing does not overcome the evidence that presented at the trial, the court has no choice but to deny the post-conviction petition. And that's what happened in this case. The defendant did have the burden to prove by proposal of the evidence that this newly discovered evidence should grant him a new trial, and he failed to do so. And he cannot point to anything that the trial court manifestly aired in reaching his decision. Do you want to have any questions? Any questions, Justice Schiller? No questions. All right. Thank you, counsel. Helen, you may present your rebuttal argument. Your honors, the state argues that Smith and Smith, Bond and Gregory are not newly discovered, but the state offers no way that that Mr. Rice could have discovered Smith, Bond, and Gregory, just that he could have with due diligence. But Mr. Rice did not know Gregory. And again, Mr. Rice has always maintained that he was in the passenger seat on his phone during this incident, so he wouldn't have seen Bond or known of Bond through the same way that if he was outside of the car or something like that. And also, as to the point about not being convicted for accountability, throughout the entire case, the state maintained an accountability theory. It was the majority of its closing statement was explaining accountability. And also, it's worth noting that the jury instruction for the firearm enhancement was simply for armed instead of discharge. So it's clear that the state was going forward on a theory of accountability. And self-defense arguments in accountability situations, when the principal is able to assert a self-defense argument, then the accountable defendant can also assert that same argument. As to Gregory's account, Gregory was there before the shooting, but he also did witness somebody shooting in the direction of Kennedy and Mr. Rice. So his testimony is actually very useful because it shows us that somebody from Smith's group did fire at Kennedy and Mr. Rice. And as to the Kennedy decision, there are several distinctions with that case. At the outset, I would just say the evidence in that case was completely different at the trial and at the post-conviction. First of all, at Kennedy's trial, the state presented text messages that showed that Kennedy was aware of a prior shooting that day, which strengthened the state's argument in that trial that Kennedy went to the apartments to retaliate. There was no evidence presented like that in Mr. Rice's case. Additionally, Kennedy made a statement to police that he went to the Mountford Terrace apartments to visit a friend. On the other hand, Rice never stated that that's why he went to the Mountford Terrace apartments. He always stated that he was unaware of why they were there, and he didn't know what Kennedy was doing. So I think to the extent that the Kennedy decision is useful, it shows us that the evidence here places the trial evidence in a much different light and necessitates a need for a new trial. But what about the fact that the Kennedy decision stated that the affidavits were not newly discovered evidence? How should we treat those? Your Honor, the court decided that based on the viability of Kennedy's self-defense claim. Kennedy's self-defense claim was affected by the evidence in his trial. But because Mr. Rice's self-defense claim is based on a theory of accountability, he wouldn't have known of these defendants, I mean, excuse me, of these new witnesses in the same way Kennedy would have. Because as the court stated in the Kennedy decision, Mr. Kennedy would have necessarily known that he was acting in self-defense, whereas someone who's accountable would not necessarily know that until they get the evidence later on. And I think the fact that the fire is missing from the affidavits in some cases is not meaningful because the, first of all, the defendants were writing about, you know, the shooting and the fire. It was a small detail that it cannot overcome the other corroborating evidence. Thank you. Any final questions? Justice Schiller? No, thank you. All right. Thank you, counsel, for your arguments. We will take this matter under advisement and issue a ruling in due course.